**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD W. MARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. _____ |
| | ) | |
| COMPO STEEL PRODUCTS, INC., | ) | FILED: SEPTEMBER 4, 2008 |
| | ) | 08CV5049 |
| Defendant. | ) | JUDGE DER-YEGHIAYAN |
| | ) | MAGISTRATE JUDGE DENLOW |
| | | YM |

**NOTICE OF REMOVAL**

TO:  Tom H. Luetkemeyer, Esq.                Ms. Dorothy Brown
     Linda K. Horras, Esq.                   Clerk of the Circuit Court
     Hinshaw & Culbertson LLP                Cook County, Law Division
     222 North LaSalle Street                Richard J. Daley Center, Room 802
     Suite 300                               50 W. Washington
     Chicago, IL  60601                      Chicago, IL  60602

**PLEASE TAKE NOTICE** that Defendant, Compo Steel Products, Inc. ("Compo")

removes the above-captioned action (the "Action") from Circuit Court for Cook County,

Illinois, to the United States District Court for the Northern District of Illinois, Eastern

Division, pursuant to 28 U.S.C. §§ 1441 and 1332, and in support of such removal

alleges and shows as follows:

1.      Plaintiff Richard Marks ("Marks") commenced this Action on August 21,

2008, in the Circuit Court for Cook County, Illinois, entitled _Richard W. Marks vs. Compo_

_Steel Products, Inc._, Case No. 2008L009290, by filing a Summons and Complaint. A

true and correct copy of the Summons and Complaint filed by Marks are attached to this

Notice as **Exhibit A**. The Summons and Complaint identify Marks as the sole Plaintiff and Compo as the sole Defendant.

2.      As alleged in the Complaint, Plaintiff, Marks, is a resident of the State of Illinois. (*Complaint* ¶ 1).

3.      As alleged in the Complaint, Defendant, Compo, was at the time this Action was commenced, and is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin.    (*Complaint* ¶ 2). At no time was Compo incorporated in the State of Illinois. Compo does not have its principal place of business in the State of Illinois.

4.      Compo first received a copy of the Complaint by service or otherwise on August 25, 2008.

5.      Thirty (30) days have not yet expired since this Action became removable to this Court.  Other than the Summons and Complaint attached hereto as **Exhibit A**, no other process, order or other pleading in this Action has been received to date by Compo from Marks, and no further proceedings have been had herein.

6.      This Court has original jurisdiction over this Action under the provisions of 28 U.S.C. § 1332 in that the matter is between citizens of different states and there is complete diversity of citizenship between the parties within the meaning of 28 U.S.C. § 1332. Furthermore, the value of the matter in controversy allegedly exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, as more fully appears from Plaintiff's Complaint.

7.    The amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, as evidenced by Plaintiff's Complaint which alleges:

12.    Compo failed to pay Marks his due commission during the final year of the Contract, and despite Marks' repeated demands and those of his attorney for payment, those commission [sic] remains [sic] due and owing.

13.    Due to Compo's refusal to pay this commission after repeated and formal requests, Marks was damaged personally, professionally and financially.

WHEREFORE, RICHARD W. MARKS prays that judgment be entered in his favor and against Defendant, COMPO STEEL PRODUCTS, INC. for the unpaid amount of his earned but unpaid sales commission which total at least $50,000.00, together with interest at the rate of 9%, plus such other relief as this Court may order.

* * * * *

19.    Also, according to the Illinois Sales Representative Act, 820 ILCS 120/2, a principal failing to comply with the provisions of the Sales Representative Act shall be liable in a civil action for exemplary damages in an amount which does not exceed three times the amount of the commissions owed to the sales representative and attorneys fees.

20.    Compo is a principal within the meaning of the Sales Representative Act.

21.    Due to Compo's refusal to pay this commission after formal requests, Marks was damaged personally, professionally and financially.

WHEREFORE, RICHARD W. MARKS prays that judgment be entered in his favor and against Defendant, COMPO STEEL PRODUCTS, INC. for the unpaid amount of his earned but unpaid sales commission which total at least $50,000.00, exemplary damages in an amount equal to three times his earned commissions, attorneys fees incurred in the enforcement of this action and such other relief as this Court may order.

* * * * *

33.    820 ILCS § 120/3 provides that a court shall allow attorneys' fees and costs incurred by a Plaintiff to be charged against the principal if

907509-1

3

the principal fails to comply with the provisions of Section 2 of the Sales Representative Act.

WHEREFORE, RICHARD W. MARKS prays that this Court enter a judgment in his favor and against COMPO STEEL PRODUCTS, INC. for the attorneys' fees and costs incurred as a result of the enforcement of this matter.

8.    As outlined, the *ad damnum* clauses of the Complaint requests an award of damages of at least Fifty-Thousand Dollars ($50,000.00), exemplary damages of three (3) times the amount of damages ($150,000.00), and attorney's fees. While the Defendant has denied liability as well as the amount of Plaintiff's damages, Plaintiff has alleged that the amount in controversy (exclusive of attorneys' fees) exceeds $200,000.00.

**WHEREFORE**, Defendant, Compo Steel Products, Inc., requests that the above Action now pending against it in the Circuit Court for the State of Illinois, in and for Cook County, be removed to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated at Waukesha, Wisconsin this 4th day of September, 2008.

COMPO STEEL PRODUCTS, INC.

By:___s/ Sally A. Piefer_____
Sally A. Piefer
Wisconsin Bar No. 1023257
THE SCHROEDER GROUP, S.C.
Attorneys at Law
20800 Swenson Drive, Ste. 475
Waukesha, WI  53186
(262) 798-8220
(262) 798-8232 (facsimile)
sap@tsglaw.com

907509-1

4

AND

Noreen Cull, Esq.
DRINKER, BIDDLE & REATH, LLP
191 North Wacker Drive, Suite 3700
Chicago, IL 60606
(312) 569-1330
(312) 569-3000 (facsimile)
Noreen.Cull@dbr.com

**Direct Inquiries to**:
Sally A. Piefer
(262) 754-1325
sap@tsglaw.com

# EXHIBIT A

08CV5049
JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE DENLOW
YM

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____LAW_____ DIVISION

(Name all parties)

RICHARD W. MARKS,

                         Plaintiff

               v.

COMPO STEEL PRODUCTS, INC., A Wisconsin
Corporation,

                         Defendant

```
2008L009290
CALENDAR/ROO
TIME 00:00
Breach of Contract
```

No. _____

## SUMMONS
[AGREEMENT BY DEFENDANT'S COUNSEL TO ACCEPT AND SERVE]
To each Defendant:

    YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

    XK Richard J. Daley Center, 50 W. Washington, Room ___802___, Chicago, Illinois 60602

| ❑ District 2 - Skokie | ❑ District 3 - Rolling Meadows | ❑ District 4 - Maywood |
|---|---|---|
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |
| ❑ District 5 - Bridgeview | ❑ District 6 - Markham | ❑ Child Support |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60426 | Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

    This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

                                               AUG 21 2008

Atty. No.: ___90384___           WITNESS,_____

Name: _Tom H. Luetkemeyer / Linda K. Horras_

Atty. for: _Plaintiff_                                   Clerk of Court

Address: _222 N. LaSalle St., #300_

City/State/Zip: _Chicago, IL 60601_          Date of service:_____

                                   (To be inserted by officer on copy left with defendant

Telephone: _(312) 704-3000_                   or other person)

Service by Facsimile Transmission will be accepted at: _____

                                  (Area Code)   (Facsimile Telephone Number)

           DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**EXHIBIT**

A

Civil Action Cover Sheet – Case Initiation                                    (Rev. 2/8/06) CCL 0520

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

RICHARD W. MARKS,
            Plaintiff
              v.                                          No.
COMPO STEEL PRODUCTS, INC., a Wisconsin
Corporation,
            Defendant

## CIVIL ACTION COVER SHEET - CASE INTITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the
complaint in all civil actions. The information contained herein is
for administrative purposes only and cannot be introduced into
evidence. Please check the box in front of the appropriate case type
which best characterizes your action. ONLY ONE (1) CASE TYPE
MAY BE CHECKED WITH THIS COVER SHEET.

```
2008L009290
CALENDAR/ROO
TIME 00:00
Breach of Co
```

(FILE STAMP)

Jury Demand ☒Yes ☐No

### PERSONAL INJURY/WRONGFUL DEATH
CASE TYPES:
- ☐ 027  Motor Vehicle
- ☐ 040  Medical Malpractice
- ☐ 047  Asbestos
- ☐ 048  Dram Shop
- ☐ 049  Product Liability
- ☐ 051  Construction Injuries
  (including Structural Work Act, Road
  Construction Injuries Act and negligence)
- ☐ 052  Railroad/FELA
- ☐ 053  Pediatric Lead Exposure
- ☐ 061  Other Personal Injury/Wrongful Death
- ☐ 063  Intentional Tort
- ☐ 064  Miscellaneous Statutory Action
  *(Please Specify Below**)*
- ☐ 065  Premises Liability
- ☐ 078  Fen-phen/Redux Litigation
- ☐ 199  Silicone Implant

### COMMERCIAL LITIGATION
CASE TYPES:
- ☒ 002  Breach of Contract
- ☐ 070  Professional Malpractice
  (other than legal or medical)
- ☐ 071  Fraud
- ☐ 072  Consumer Fraud
- ☐ 073  Breach of Warranty
- ☐ 074  Statutory Action
  *(Please Specify Below**)*
- ☐ 075  Other Commercial Litigation
  *(Please Specify Below**)*
- ☐ 076  Retaliatory Discharge

### TAX & MISCELLANEOUS REMEDIES
CASE TYPES:
- ☐ 007  Confession of Judgment
- ☐ 008  Replevin
- ☐ 009  Tax
- ☐ 015  Condemnation
- ☐ 017  Detinue
- ☐ 029  Unemployment Compensation
- ☐ 036  Administrative Review Action
- ☐ 085  Petition to Register Foreign Judgment
- ☐ 099  All Other Extraordinary Remedies

### OTHER ACTIONS
CASE TYPES:
- ☐ 062  Property Damage
- ☐ 066  Legal Malpractice
- ☐ 077  Libel/Slander
- ☐ 079  Petition for Qualified Orders
- ☐ 084  Petition to Issue Subpoena
- ☐ 100  Petition for Discovery

** _____

_____

Tom H. Luetkemeyer
By: ___Linda K. Horras___
         (Attorney)           (Pro Se)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| RICHARD W. MARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| COMPO STEEL PRODUCTS, INC., a | ) | |
| Wisonsin Corporation, | ) | 2008L009290 |
| | ) | CALENDAR/RO0 |
| Defendants. | ) | TIME 00:00 |
| | ) | Breach of Co |

## <u>VERIFIED COMPLAINT AT LAW</u>

The Plaintiff, RICHARD W. MARKS, through his attorneys, Hinshaw & Culbertson LLP, and for his Verified Complaint against Defendant, COMPO STEEL PRODUCTS, INC., states and alleges as follows:

### <u>COUNT I – BREACH OF CONTRACT</u>

1.     The Plaintiff, Richard W. Marks ("Marks"), is a resident of the State of Illinois.

2.     The Defendant, Compo Steel Products, Inc. ("Compo"), is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin.

3.     At all times relevant to this Complaint, Compo maintained a regional office serving the Chicago Metropolitan business community.   During the times relevant to this Complaint, that regional office was Marks' residence in DuPage County, Illinois.

4.     Both venue and the jurisdiction of this Court are proper pursuant to Sections 5/2-101 and 5/2-102 of the Illinois Code of Civil Procedure.  735 ILCS 5/2-101; 735 ILCS 5/2-102.

5.     Compo regularly transacted business in Cook County, Illinois primarily by virtue of its sales to Electro-Motive, which is located in Cook County, Illinois.  The sales to Electro-Motive comprise the majority of the commissions claimed due in this Complaint.  Compo fabricated electrical lockers for locomotives manufactured in turn by Electro-Motive.  From time

to time, Compo also fabricated replacement component parts, such as electrical panels, for placement in an existing electrical locker of the customer. These fabricated products were shipped by Compo to Electro-Motive in Cook County, Illinois.

6.    Marks was engaged by Compo as a Sales Engineer, and sold completed and fabricated product for Compo solely in Cook County, Illinois until his contract was terminated on April 6, 2005.

7.    The engagement of Marks was governed by a written Sales Representative Agreement, dated April 1, 1999 (the "Contract"). A copy of the Contract is attached as Exhibit A.

8.    Marks' compensation was comprised of a base salary and commissions resulting from the sale of electrical lockers in the railroad transportation industry, and in particular to Electro-Motive in Cook County, Illinois.

9.    As a Compo sales representative, Marks' commission rates were governed by Compo's Contract, which addressed how he was to be compensated for sales made to Electro-Motive.

10.    Marks fully performed his obligations as a Compo sales representative in accordance with the Contract.

11.    Acting within the scope of his position with Compo, and on their behalf, Marks sold at least an additional 190 electrical lockers for which he did not receive commission. In addition, there likely are other component parts and other electrical lockers sold by Marks which may have been the subject of purchase order releases which are unknown to Marks because he has no access to the records of Compo.

2

12.    Compo failed to pay Marks his due commission during the final year of the Contract, and despite Marks' repeated demands and those of his attorney for payment, those commission remains due and owing.

13.    Due to Compo's refusal to pay this commission after repeated and formal requests, Marks was damaged personally, professionally and financially.

WHEREFORE, RICHARD W. MARKS prays that judgment be entered in his favor and against Defendant, COMPO STEEL PRODUCTS, INC. for the unpaid amount of his earned but unpaid sales commission which total at least $50,000.00, together with interest at the rate of 9%, plus such other relief as this Court may order.

## COUNT II - VIOLATION OF THE
## ILLINOIS SALES REPRESENTATIVE ACT

14.    Marks reasserts the allegations made in Paragraphs 1-13 as though set forth herein.

15.    The above described amounts due to Marks constitute "commissions" within the meaning of the Illinois Sales Representative Act, 820 ILCS 120/1.

16.    In 2005, as a result of Marks' efforts while acting within the scope of his position as a sales representative with Compo, and on their behalf, Compo sold electrical lockers and other component parts to Electro-Motive and received revenue on those sales.

17.    Compo failed to pay commissions to Marks on those sales.

18.    According to the Illinois Sales Representative Act, 820 ILCS 120/2, all commissions due at the time of termination of a contract between a sales representative and a principal shall be paid within 13 days of termination, and commissions that become due after termination shall be paid within 13 days of the date on which such commissions become due.

19.    Despite demands, Compo has not paid the commissions which are due.

3

6194050v1  720639  34952

20.    Also, according to the Illinois Sales Representative Act, 820 ILCS 120/2, a principal failing to comply with the provisions of the Sales Representative Act shall be liable in a civil action for exemplary damages in an amount which does not exceed three times the amount of the commissions owed to the sales representative and attorneys fees.

21.    Compo is a principal within the meaning of the Sales Representative Act.

22.    Due to Compo's refusal to pay this commission after formal requests, Marks was damaged personally, professionally and financially.

WHEREFORE, RICHARD W. MARKS prays that judgment be entered in his favor and against Defendant, COMPO STEEL PRODUCTS, INC. for the unpaid amount of his earned but unpaid sales commission which total at least $50,000.00, exemplary damages in an amount equal to three times his earned commissions, attorneys fees incurred in the enforcement of this action and such other relief as this Court may order.

## COUNT III – QUANTUM MERUIT

23.    Marks reasserts the allegations made in Paragraphs 1-22 as though set forth herein.

24.    The work performed by Marks in the scope of his engagement with Compo in relation to the sale of electrical lockers described in Counts I and II of this complaint was a valuable service enjoyed by Compo.

25.    The sales obtained by Marks on behalf of Compo, as described in Counts I through II of this Complaint, produced valuable revenue for Compo, and Marks' efforts in those sales and his relationship with customers of Compo contributed in large part to Compo obtaining this business.

26.    Marks worked to obtain these contracts based on the understanding that he would receive a commission in exchange for his efforts.

4

6194050v1 720639 34952

27.    Allowing Compo to retain the benefits of Marks' efforts and relationship with Electro-Motive while denying Marks his earned and just compensation would be manifestly unjust.

WHEREFORE, RICHARD W. MARKS prays that judgment be entered in his favor and against Defendant, COMPO STEEL PRODUCTS, INC. for the unpaid amount of his earned but unpaid sales commissions which total at least $50,000.00, as set forth within Counts I and II of this Complaint, together with interest at the rate of 9%, from the years it was earned.

## COUNT IV – ATTORNEYS' FEES

28.    Marks reasserts the allegations made in Paragraphs 1-27 as though set forth herein.

29.    Demand was made upon Compo for all amounts alleged herein as due and owing on or about January 31, 2006, prior to the filing of this Complaint. Said demand is attached hereto as Exhibit "B."

30.    Compo was an "principal" within the meaning of 820 ILCS §120/1.

31.    Further, Marks was a "sales representative" within the meaning of 820 ILCS §120/1 and the amounts due and owing Marks are within the meaning of "commission" as used in 820 ILCS §120/2.

32.    Compo failed to pay or agree to pay this demand within the time frame allowed by law.

33.    820 ILCS §120/3 provides that a court shall allow attorneys' fees and costs incurred by a Plaintiff to be charged against the principal if the principal fails to comply with the provisions of Section 2 of the Sales Representative Act.

5

WHEREFORE, RICHARD W. MARKS prays that this Court enter a judgment in his favor and against Defendant COMPO STEEL PRODUCTS, INC. for the attorneys' fees and costs incurred as a result of the enforcement of this matter.


RICHARD W. MARKS

By: _____
One of His Attorneys

I, Richard W. Marks, certify and swear that I have read the foregoing Complaint, and the facts contained therein are true and correct.

RICHARD W. MARKS



Tom H. Luetkemeyer
Scott M. Gilbert
HINSHAW & CULBERTSON LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000
Firm No. 90384

6

6194050v1 720639

08CV5049
JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE DENLOW
YM





## SALES REPRESENTATIVE AGREEMENT

THIS SALES REPRESENTATIVE AGREEMENT is made as of the 1st day of April, 1999, by and between COMPO CORPORATION, a Wisconsin Corporation (the "Company"), and RICHARD W. MARKS (the "Representative").

### RECITAL

The Company desires to engage the services of the Representative as an independent contractor and Representative is willing to make his services available to the Company on the terms and conditions set forth below.

### AGREEMENTS

In consideration of the premises and the mutual agreements of the parties set forth herein, the parties agree as follows:

1.    Services.  The Company hereby agrees to engage the Representative as an independent contractor on the terms and conditions set forth herein, and the Representative hereby agrees to perform for Company the services set forth herein.  Subject to the foregoing, it is anticipated that the parties will reevaluate the terms of this Agreement within 12 months of the above date.

The Representative shall serve as a sales representative, and in such other office or capacity as the management of the Company shall determine from time to time.

As a sales representative, the Representative's duties shall include, but not be limited to, the representation of the Company with respect to maintaining the Company's relationships with its customers, and soliciting potential customers for the Company.

Representative agrees to devote such business time, effort, skill and attention necessary to discharge such duties, recognizing this is a part time position.

2.    Compensation.  As compensation for the services to be rendered, the Company shall pay the Representative a base annual salary of $24,000.00 per year, payable in monthly payments.  Said monthly payments shall terminate upon the termination of this Agreement.

In addition to the above, with respect to any new business which Representative solicits and the Company acquires as set forth in a written purchase order ("Purchase Order"), Representative shall earn a Commission Percentage of the net sale price (excluding tax, shipping charges, etc.), arising from a respective Purchase Order.

The Commission Percentage for a respective Purchase Order shall

be based on the Company's actual profit mark up realized on a respective Purchase Order as set forth below:

| Cost | Profit Mark Up | Commission Percentage |
|------|----------------|-----------------------|
| Cost  x | 1.6 | 5% |
| Cost  x | 1.5 | 4% |
| Cost  x | 1.4 | 3% |
| Cost  x | 1.3 | 2% |

The Company Cost per Purchase Order shall be $35.50/hour of labor (as adjusted from time to time), plus the cost of materials.

Representative shall only be entitled to said commission to the extent the net sale price is actually received by the Company. Commission will be paid by the 15th of the month following cash receipts. Upon termination of this Agreement, Representative's right to said commission shall terminate, except as otherwise provided in Section 13.

      3.    <u>Benefits</u>. As an independent contractor Representative shall not be entitled to any benefits provided by the Company.

      4.    <u>Noncompetition</u>. The parties agree that the Company's customer contacts and relations are established and maintained at great expense and by virtue of the Representative's relationship with the Company, the Representative will have unique and extensive exposure to and personal contact with the Company's customers, and that he will be able to establish a unique relationship with those individuals and entities that will enable him, both during and after employment, to unfairly compete with the Company. Further, the parties agree that the terms and conditions of the following restrictive covenants are reasonable and necessary for the protection of the Company's business, trade secrets and confidential information and to prevent great damage or loss to the Company as a result of action taken by the Representative. The Representative acknowledges that the noncompete restrictions and nondisclosure of confidential information restrictions contained in this Agreement are reasonable and the consideration provided for herein is sufficient to fully and adequately compensate the Representative for agreeing to such restrictions. The Representative acknowledges that he could continue to actively pursue his career and earn sufficient compensation in the same or similar business without breaching any of the restrictions contained in this Agreement.

      (a)    <u>During Term of This Agreement</u>. The Representative hereby covenants and agrees that, during the term of employment with the Company, he shall not, directly or indirectly, either individually or as an employee, principal, agent, partner, shareholder, owner, trustee, beneficiary, co-venturer,

distributor, consultant or in any other capacity, participate in, become associated with, provide assistance to, engage in or have a financial or other interest in any business, activity or enterprise which is competitive with the Company or any successor or assign of the Company.

(b)    <u>Upon Termination of this Agreement</u>.  The Representative agrees that during the two-year period following the termination of this Agreement with the Company as a sales representative, or in any other capacity, he will not, directly or indirectly, either individually or as an employee, agent, partner, shareholder, owner, trustee, beneficiary, co-venturer, distributor, consultant or in any other capacity:

(i)    Divert or attempt to divert, any business from the Company, or contact, solicit or entice, or attempt to contact, solicit or entice any of the suppliers, customers or other business contacts of the Company within two (2) years preceding the date hereof or within two (2) years preceding the date of such action, to withdraw, curtail or cancel any of their business or relations with the Company.

(ii)   Induce or attempt to induce any employee, sales representative, consultant or other personnel of the Company to terminate his relationship or breach his or her agreements with the Company.

(iii)  Use, disclose, divulge or transmit or cause to be used by or disclosed, divulged or transmitted to any third party, any information acquired by the Representative from the Company or its predecessors which relates to the trade secrets and confidential information of the Company, except as may be required by law.

5.    <u>Confidential Information</u>.  The parties agree that the Company's customers, business connections, customer lists, procedures, operations, techniques, and other aspects of its business are established at great expense and protected as confidential information and provide the Company with a substantial competitive advantage in conducting its business. The parties further agree that by virtue of the Representative's relationship with the Company, he will have access to, and be entrusted with, secret, confidential and proprietary information, and that the Company would suffer great loss and injury if the Representative would disclose this information or use it to compete with the Company. Therefore, the Representative agrees that during the term of his employment, and for a period of two (2) years after the termination of his employment with the Company, he will not, directly or indirectly, either individually or as an employee, agent, partner, shareholder, owner, trustee, beneficiary, co-venturer, distributor, consultant or in any other capacity, use or disclose, or cause to be used or disclosed, any secret, confidential or proprietary

SJG:cms 4-1-99                        3

information acquired by the Representative during the terms of this Agreement or its predecessors whether owned by the Company prior to or discovered and developed by the Company subsequent to the termination of this Agreement, and regardless of the fact that the Representative may have participated in the discovery and the development of that information (the "Confidential Information"). In the event that any Confidential Information becomes publicly known through no fault of Representative, the terms and restrictions contained in this Section 5 shall not apply to such Confidential Information.

6.    <u>Common Law of Torts and Trade Secrets</u>. The parties agree that nothing in this Agreement shall be construed to limit or negate the common law of torts or trade secrets where it provides the Company with broader protection than that provided herein.

7.    <u>Specific Performance</u>. The Representative acknowledges and agrees that irreparable injury to the Company may result in the event the Representative breaches any covenant and agreement contained in Sections 4 and 5 and that the remedy at law for the breach of any such covenant will be inadequate. Therefore, if the Representative engages in any act in violation of the provisions of Sections 4 and 5, the Representative agrees that the Company shall be entitled, in addition to such other remedies and damages as may be available to it by law or under this Agreement, to injunctive relief to enforce the provisions of Sections 4 and 5.

8.    <u>Waiver</u>. The failure of either party to insist, in any one or more instances, upon performance of the terms or conditions of this Agreement shall not be construed as a waiver or a relinquishment of any right granted hereunder or of the future performance of any such term, covenant or condition.

9.    <u>Severability</u>. In the event that any provision shall be held to be invalid or unenforceable for any reason whatsoever, it is agreed such invalidity or unenforceability shall not affect any other provision of this Agreement and the remaining covenants, restrictions and provisions hereof shall remain in full force and effect and any court of competent jurisdiction may so modify the objectionable provision as to make it valid, reasonable and enforceable. Furthermore, the parties specifically acknowledge the above covenant not to compete and covenant not to disclose confidential information are separate and independent agreements.

10.    <u>Amendment</u>. This Agreement may only be amended by agreement in writing signed by all of the parties hereto.

11.    <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of Wisconsin.

12.    <u>Benefit</u>. This Agreement shall be binding upon and inure to the benefit of and shall be enforceable by and against the Company, its successors and assigns and the Representative, his heirs, beneficiaries and legal representatives. It is agreed that the rights and obligations of the Representative may not be delegated or assigned.

SJG:cms 4-1-99                    4

13.  Termination.  Either party may terminate this Agreement at any time after 12 months from the date of this Agreement by giving 30 days written notice to the other, which notice shall specify the effective date of termination.  In the event no effective date of termination is specified, the date of the notice shall be the effective date of termination.  In the event of termination, the Company's sole liability to Representative shall be for for Commission relating to Purchase Orders acquired on or before the effective date and payment for the services performed through the effective date, including the Commission earned on any Purchase Order or Purchase Order releases delivered to the Company prior to the effective date of termination, but excluding any Purchase Orders to the extent the Purchase Orders have not been released. Thereafter, the Company shall not be liable to the Representative for any further salary or for any Commission, whether arising from new Purchase Order releases or otherwise.  Notwithstanding said termination, Sections 4, 5, and 6 and any other provisions of this Agreement which by either their nature extend beyond the expiration or termination of this Agreement, shall remain in effect beyond such expiration or termination until fulfilled and shall apply to either party's successors and assigns.

14.  Relationship.  Representative is an independent contractor and neither Representative nor Representative's personnel is or shall be deemed to be employed by the Company.  Representative is and shall remain, an independent contractor responsible for the obligations to pay all employment, income and social security taxes and to secure Employee Worker's Compensation insurance for its employees performing services hereunder.  Representative agrees to indemnify and hold Company harmless to the extent of any obligation imposed on Company to pay any withholding taxes, social security, unemployment or disability insurance or similar items, including any interest and penalties thereon.

IN WITNESS WHEREOF, the parties have executed or caused this Agreement to be executed as of the day, month and year first above written.

COMPO CORPORATION

By:

JOHN R. PERRY, JR.

RICHARD W. MARKS




# HINSHAW
& CULBERTSON LLP

January 31, 2006

**ATTORNEYS AT LAW**
222 North LaSalle Street
Suite 300
Chicago, IL 60601-1081

312-704-3000
312-704-3001 (fax)
www.hinshawlaw.com

Mr. John Perry, Jr.
Compo Steel Products, Inc.
3637 N. Holton Street
Milwaukee, WI 53212

      Re:   Mr. Richard Marks

Dear Mr. Perry:

      Please be advised that Mr. Marks has retained Hinshaw & Culbertson to assist him in the investigation of a claim against Compo Steel Products, Inc. ("Compo") with respect to commissions which are due to him under a Sales Representative Agreement, dated April 1, 1999. At this time, it is difficult for us to ascertain exactly how much additional commission payments are due to Mr. Marks, but it is clear that he is owed additional sums.

      While the Sales Representative Agreement is not a model of clarity, one thing is certainly clear. Paragraph 13 requires that commissions are earned and must be paid on any purchase orders or purchase order releases which are delivered to the company prior to the effective date of termination. Mr. Marks' termination was April 6, 2005. By that time, Compo had received releases for a variety of products, including but not limited to electrical lockers and other components to the electrical lockers, and commissions had not been paid on those releases. In fact, as of April 22, 2005, it appears that commissions were paid to Mr. Marks as part of final compensation only on 80 electrical lockers and one component part.

      In addition, it is clear that Mr. Marks has not been paid in accordance with the terms of his contract. Instead, Mr. Marks was paid a flat rate which was less than the lowest percentage formula amount under the contract.

      My client has evidence of at least an additional 190 electrical lockers for which he did not receive commission. Based on information he has provided us, it is clear that there are likely other component parts and other electrical lockers which may have been the subject of purchase order releases for which no commissions were paid to him.

      Under Illinois law, a sales representative is entitled to commissions which are due and payable at the time of termination. In the event of a failure on the part of the principal to pay commission, Illinois law provides for the payment of all commissions due plus exemplary damages of not more than 200% of the commissions due, plus reasonable attorney's fees incurred by Mr. Marks in enforcing his rights under the Sales Representative Agreement. What this means is that if we are unable to reach agreement as to the amounts owed, Mr. Marks is entitled to bring a civil action in the Illinois courts seeking treble damages plus attorney's fees.

Mr. John Perry, Jr.
January 31, 2006
Page 2

I am writing this letter in the hope that we can reach an agreement on an amicable basis with regard to an appropriate accounting of all Compo products for which the company had received purchase order releases prior to the effective date of his termination. In order to do this, we will need your company's cooperation with respect to the disclosure of information. In the event you are not forthcoming with the information we may request, we would have no choice but to initiate suit and seek the information in discovery.

I would appreciate it if you or an appropriate representative of your company would contact me so we can determine if an amicable basis for resolution of this dispute can be achieved. If we do not hear from you within the next 14 days, we will presume you are not interested in settlement and we will seek to enforce our rights in court. If you should have any questions in the meantime, do not hesitate to contact me.

Sincerely,

HINSHAW & CULBERTSON LLP

Tom Luetkemeyer
Direct 312-704-3056
tluetkemeyer@hinshawlaw.com

THL:lmt

Enclosure