# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICHARD MARKS, | ) |
| Plaintiff, | ) |
| v. | ) No. 08 C 5049 |
| COMPO STEEL PRODUCTS, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Compo Steel Products, Inc.'s ("Compo") partial motion to dismiss Count IV. For the reasons stated below, we grant the motion to dismiss.

## BACKGROUND

Plaintiff Richard W. Marks ("Marks") alleges that he was hired by Compo as a Sales Engineer to sell completed and fabricated electrical lockers for locomotives. Marks' employment with Compo was allegedly governed by a Sales Representative Agreement ("Agreement"), dated April 1, 1999. Marks' compensation under the Agreement allegedly included a base salary and commissions. Marks contends that

1

he satisfied his obligations under the Agreement, but that he was not given commissions for at least 190 electrical lockers that he sold. Marks also contends that there are likely other component parts and other electrical lockers that he sold for which he did not receive commissions. Marks brought the instant action and includes in his complaint a breach of contract claim (Count I), a claim alleging that Compo failed to pay commissions in violation of the Illinois Sales Representative Act, 820 ILCS 120/1, *et seq.* (Count II), a Wisconsin Sales Representatives Act, Wis. Stat. § 134.93, claim (Count III), and a quantum meruit claim (Count IV). Compo moves to dismiss Count IV.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168

(7th Cir. 1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). Under the current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "'provide the defendant with at least minimal notice of the claim,'" *Kyle*, 144 F.3d at 455 (quoting *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995)), and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance*

*v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

## DISCUSSION

Compo argues that Marks cannot pursue a quantum meruit claim since he has alleged that the parties' relationship was governed by a contract. In order to prevail on a quantum meruit claim, a plaintiff must establish "'the receipt of a benefit by [the defendant] which would be inequitable for that [defendant] to retain.'" *Midcoast Aviation, Inc. v. General Elec. Credit Corp.*, 907 F.2d 732, 737 (7th Cir. 1990)(quoting *Telander v. Posejpal*, 418 N.E.2d 444, 448 (Ill. 1981))(indicating that quantum meruit is a quasi-contract theory and that "[t]he elements of *quantum meruit* liability distilled from this essence are the performance of services by the plaintiff, the receipt of the benefit of those services by the defendant, and the unjustness of the defendant's retention of that benefit without compensating the plaintiff"). Since a quantum meruit theory is based upon an implied contract, a plaintiff cannot "recover on a theory of quasi-contract when an actual contract governs the parties' relations on that issue." *Keck Garrett & Associates, Inc. v. Nextel Communications, Inc.*, 517 F.3d 476, 487 (7th Cir. 2008).

I. Unspecified Work Outside of Scope of Agreement

Marks argues that it is premature to dismiss the quantum meruit claim since it is unclear whether certain damages sought by him relate to compensation owed to him outside the terms of the Agreement. Marks cites case law for the proposition that a court cannot dismiss a quantum meruit claim if it is unclear whether the damages sought are covered by the contract between the parties. (Ans. 3). Marks argues that under the procuring-cause rule, he is also entitled to commissions on sales made after his termination if he procured the sales through his activities prior to his termination. (Ans. 4). However, Marks acknowledges himself in his amended complaint that the Agreement covered post-termination commissions. (A. Compl. Par. 38). Marks contends that the Agreement is "ambiguous as to the nature and extent of post-termination commissions," but that is a legal argument concerning the terms of the agreement between the parties and the enforceability of such terms, not an argument that there is a void that should be deemed filled by an implied agreement. (Compl. Par. 39). In fact, the Agreement, which is attached to the amended complaint, specifically addresses the scenario for the payment of compensation to Marks after his termination. (Agreement Par. 13); *see also Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 645 (7th Cir. 2006)(stating that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) the court can

consider exhibits attached to the complaint). To the extent that Marks is arguing that Compo's interpretation of the terms of the Agreement is unfair or that Compo is not honoring the terms, Marks' argument still acknowledges that the parties' relationship is governed by the Agreement. Marks' vague assertions that there may be some compensation that could possibly fall outside the scope of the Agreement are not sufficient to show that he has alleged a valid quantum meruit claim. Marks has not presented facts that would put Compo on notice of any compensation that would conceivably fall outside the scope of the Agreement and be the basis for a quantum meruit claim.

Marks cites *Schackleton v. Federal Signal Corp.*, 554 N.E.2d 244 (Ill. App. Ct. 1989) to support his position. (Ans. 4). In *Schackleton*, the court stated that "[u]nder the procuring-cause rule, it is established that a party may be entitled to commissions on sales made after the termination of employment if that party procured the sales through its activities prior to termination" and that "[t]his principle of law protects a salesman discharged prior to culmination of a sale, after he has done everything necessary to effect the sale." *Id.* at 248-49. However, the court in *Schackleton* also stated that "[t]he rule applies unless a contract between the parties expressly provides when commissions will be paid." *Id.* In the instant action, unlike in *Schackleton*, the Agreement addresses commissions and post-termination

payments. Also, the Court in *Schackleton* merely addressed the ability of a plaintiff to recover under the procuring-cause rule. *Id.* The Court did not address the theory of quantum meruit or hold that a plaintiff can recover under the procuring-cause rule under a quantum meruit theory. Finally, *Schackleton* is distinguishable from the instant action since, unlike in the instant action, the parties in *Schackleton* indicated that the commissions at issue were outside the scope of the agreement between the parties. *Id.* at 246-47.

Marks also cites *Sweig v. ABM Industries, Inc.*, 2008 WL 2520416 (N.D. Ill. 2008) to support his argument that he can pursue a quantum meruit claim based on the procuring-cause rule. (Ans. 5). In *Sweig*, the court concluded that although there was a contract that governed the plaintiff's employment, the plaintiff could base a quantum meruit claim on the procuring-cause rule. 2008 WL 2520416 at *7. However, in *Sweig*, the court noted that it was "unclear" whether the work at issue fell within the contract between the parties. *Id.* In contrast, there are not allegations in the complaint that would put Compo on notice of any work performed by Marks that would not have been covered by the Agreement, and post-termination payment is addressed in the Agreement. Thus, the instant action is distinguishable from *Sweig*.

Even when construing the allegations in the amended complaint in Marks'

7

favor, in light of Marks' allegations concerning the Agreement that governed the parties' relationship, Marks has not alleged facts that state a valid claim for quantum meruit. *See Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008)(stating that "a plaintiff can plead himself out of court by alleging facts that show there is no viable claim"). Marks has pled a breach of contract claim and has affirmatively stated without qualification that the parties' rights were governed by a valid written contract. Therefore, to the extent that Marks bases his quantum meruit claim on unspecified work that allegedly falls outside the scope of the Agreement, we grant Compo's partial motion to dismiss the quantum meruit claim (Count IV).

II. Pleading in the Alternative

Marks argues that he can also plead a quantum meruit claim as an alternative claim to his breach of contract claim. Federal Rule of Civil Procedure 8(d) ("Rule 8(d)") provides that "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones" and "[i]f a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d). Compo argues that Marks alleges in the complaint that the parties' relationship is governed by the Agreement and that Marks cannot then separately allege that the parties' relationship was not governed by a

contract. Rule 8(d) allows a plaintiff to plead alternative theories and the rule specifically provides that "[a] party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d). Thus, under Rule 8(d), a party can plead conflicting legal theories. However, a party cannot properly plead a valid quasi-contract theory by including allegations to support the claim that indicate that the parties' relationship was governed by an express agreement. *The Sharrow Group v. Zausa Development Corp.*, 2004 WL 2806193, at *3 (N.D. Ill. 2004); *Canadian Pacific Ry. Co. v. Williams-Hayward Protective Coatings, Inc.*, 2003 WL 1907943, at *5 (N.D. Ill. 2003); *Roche v. Liberty Mut. Managed Care, Inc.*, 2008 WL 4378432, at *3 (S.D. Ill. 2008). In the instant action, Marks specifically incorporates into his quantum meruit claim his allegations that the parties' relationship was governed by an express contract. (Compl. Par. 1-11, 32). Thus, Marks has failed to plead a valid quantum meruit claim in the alternative. *See Canadian Pacific Ry. Co.*, 2003 WL 1907943, at *5 (holding that the plaintiff failed to plead in the alternative since the plaintiff incorporated into the unjust enrichment Count his allegations concerning the contract). Therefore, based on the above, we grant Compo's motion to dismiss the quantum meruit claim to the extent that it is pled in the alternative.

## CONCLUSION

Based on the foregoing analysis, we grant Compo's partial motion to dismiss the quantum meruit claim (Count IV) in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated: December 12, 2008